UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
-SOUTHERN DIVISION-

CHRISTOPHER LAMONT HARVEY,
Plaintiff

vs.

KALAMAZOO COUNTY, a governmental unit,
ROBERT ADAMS in both his individual and official capacities, and
HEATHER MITCAVISH in both her individual and official capacities,
Defendants

Case No. _____

Andrew Sullivan (P84261)
Community Law Office
2937 E Grand Blvd.,
Detroit, Michigan 48202
(313) 391-1141
andrew@communitylawoffice.org

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## Complaint and Jury Demand

Kalamazoo County Sheriff's Deputy Robert Adams tortured Christopher Harvey and six other inmates, locking them in van for two hours, in an unventilated garage, in 80°F weather without food, water, or access to toilets.  The crowded van reached internal temperatures near 100°F, causing Christopher Harvey heat stroke.  Deputy Adams conducted this torture by permit of his employer— Kalamazoo County— who assigned Deputy Adams to transport the inmates alone and discouraged other employees from interfering in the torture.

1

**Jurisdiction and Venue**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 (federal question).

2. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§1983 and 1988, and Fed. R. Civ. P. 57.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), since a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Mr. Harvey further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**Parties**

5. Plaintiff Christopher Harvey is a 43-year-old United States citizen and resident of the State of Michigan. Plaintiff is presently incarcerated in the Kalamazoo County Jail, operated by Defendant Kalamazoo County through its Sherriff's Office.

6. Defendant Kalamazoo County is a municipal corporation organized and existing under the Constitution and laws of the State of Michigan. Defendant Kalamazoo County operates the Kalamazoo County Sheriff's Department and employs defendants Sergeant Heather Mitcavish and Deputy Robert Adams.

7. Defendant Sergeant Heather Mitcavish is an official policy maker for Kalamazoo County, including through the Sheriff's Department. Defendant Sergent Mitcavish exercises authority

2

over operations at the Sheriff's department, including decisions on staffing. She is sued in her individual and official capacities.

8. Defendant Deputy Robert Adams was employed by Kalamazoo County at all times relevant to the complaint and exercised authority of Kalamazoo County in detaining and transporting inmates of the Kalamazoo County Jail, including Plaintiff Christopher Harvey. He is sued in his individual and official capacities.

### Background Facts

1. Kalamazoo County, through its policymakers, implemented a policy of assigning one Sheriff's Deputy per transport van when transporting inmates between the jail and courthouse. This policy demonstrates a deliberate indifference to the welfare of inmates. Kalamazoo County implemented this policy in intentional incongruity with best practices and advice of the United States Supreme Court precedents. This policy is a moving force behind the constitutional violations cited herein.

2. Kalamazoo County, through its policymakers, also made a deliberate policy choice to refrain from training jail staff on procedures for tracking inmates' transportation. This policy is another moving force behind the constitutional violations cited herein.

3. On May 12, 2025, Christopher Harvey attended a court hearing regarding criminal charges pending against him. The Kalamazoo County Sheriff's Office transported Mr. Harvey to court from the Kalamazoo County Jail where Mr. Harvey was detained pending resolution of the criminal case.

4. The Sheriff's Office used a passenger van (also referred to as a "transport van") to transport Mr. Harvey and six other inmates.

5. After the seven inmates finished their business in court on May 12, 2025, several of the inmates called for the attention of Defendant Deputy Robert Adams, asking Defendant Adams to transport them back to jail immediately rather than wait until the end of the court docket.

6. Defendant Adams demonstrated annoyance at the inmates' calls for his attention.

7. Defendant Adams escorted the inmates into a van, shackled them in handcuffs and chains, and drove them to the jail.

8. Defendant Adams drove the van containing the seven inmates into the jail garage, arriving at approximately 4:46pm.

9. Defendant Adams then exited the van, closed the door behind him, and intentionally abandoned the seven inmates in the locked van.

10. Defendant Adams acted with an intention to collectively punish the inmates for annoying him with their earlier calls for immediate transport.

11. The outdoor temperature in Kalamazoo on May 12, 2025 were 80°F.  Inside the van, crowded with seven inmates in an unventilated garage, the temperature rapidly rose to 100°F.

12. The concentration of carbon dioxide trapped inside the van effectively suffocated Christopher Harvey and the other the inmates.

13. Christopher Harvey lost consciousness periodically during this suffocation.  His body shook, he sweat profusely, he hyperventilated, his heart raced, and his vision blurred, consistent with a heat stroke.

14. Without access to a restroom, Mr. Harvey urinated and defecated on himself.

15. Mr. Harvey attempted to break a window with his head.

4

16. Mr. Harvey and the other six inmates stayed trapped in the van for approximately two hours until one of the inmates kicked out the van window in a desperate attempt to rescue the group.

17. During this torture several Sheriff's Office employees entered the garage, witnessed the inmates suffering inside the van, then exited the garage— providing no relief from the torture.

18. As a direct and proximate result of Defendants' unlawful actions, Mr. Harvey sustained, and will sustain into the future, injures and damages including but not limited to the following:

   a. Violations of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

   b. Violations of rights guaranteed by the Michigan Constitution, Article 1, §§ 11, 16 and 17;

   c. Economic damages, including but not limited to medical expenses, lost wages, income, and earning opportunity;

   d. Noneconomic damages, including but not limited to emotional trauma and suffering;

   e. All other damages revealed or discovered in the course of this action.

19. The following claims for relief are asserted against all Defendants.

<u>**Count I**</u>
**Violation of Plaintiff's Fourth Amendment Rights
to be Free from Unreasonable Seizure
42 U.S.C. § 1983**

20. Mr. Harvey incorporates by reference the paragraphs above as fully set forth herein.

21. Defendants violated Mr. Harvey's clearly established right to be free from unreasonable seizures— said right being secured by the Fourth Amendment to the United States Constitution.

22. Defendants' detention of Christopher Harvey— locked in a van with six other inmates, parked and abandoned for two hours in an unventilated garage, in 80°F weather, without food, water, or access to restrooms— was objectively unreasonable and did not promote any legitimate, humane carceral goal.

23. In this violation of Mr. Harvey's constitutional rights, defendants acted under color of state law.

24. Defendants' actions were the actual or proximate cause of this unreasonable detention. Defendant Adams acted intentionally and by permission— express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

25. Mr. Harvey sustained damages as a direct result of Defendants' violation of his constitutional right.

### Count II
### Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process
### 42 U.S.C. § 1983

26. Mr. Harvey incorporates by reference the paragraphs above as fully set forth herein.

27. Defendants violated Mr. Harvey's clearly established rights to substantive and procedural Due Process— said rights being secured by the Fifth and Fourteenth Amendments to the United States Constitution.

28. Defendants infringed on Mr. Harvey's liberty interests without legal authority. Defendants denied Mr. Harvey food, water, and bathroom breaks, and confined him under conditions that caused severe physical discomfort and mental anguish.  These infringements

extended well beyond those which are consequential to the legitimate carceral goals of pre-trial detention.

29. Defendants did not give Mr. Harvey any notice, hearing, or meaningful opportunity to be heard prior to these extreme deprivations of liberty.

30. In this violation of Mr. Harvey's constitutional rights, defendants acted under color of state law.

31. Defendants' actions were the actual or proximate cause of this Due Process violation. Defendant Adams acted intentionally and by permission— express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

32. Mr. Harvey sustained damages as a direct result of Defendants' violation of his constitutional right.

<u>**Count III**</u>
**Violation of Plaintiff's Eighth Amendment Rights**
**to be Free from Cruel and Unusual State-Sanctioned Punishment**
**42 U.S.C. § 1983**

33. Mr. Harvey incorporates by reference the paragraphs above as fully set forth herein.

34. Defendants violated Mr. Harvey's clearly established right to be free from cruel and unusual, state-sanctioned punishment— said right being secured by the Eighth Amendment to the United States Constitution.

35. Defendants denied Mr. Harvey the minimal civilized measure of life's necessities.

36. Defendants acted with deliberate indifference to Mr. Harvey's well-being.

37. In this violation of Mr. Harvey's constitutional rights, defendants acted under color of state law.

38. Defendants' actions were the actual or proximate cause of this Due Process violation. Defendant Adams acted intentionally and by permission— express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

39. Mr. Harvey sustained damages as a direct result of Defendants' violation of his constitutional right.

**Count IV**
**Monell Liability**
**42 U.S.C. § 1983**

40. Mr. Harvey incorporates by reference the paragraphs above as fully set forth herein.

41. At all times herein, Defendant Kalamazoo County, through its Sherriff's Office and policymakers including Defendant Mitcavish, established or maintained customs, usages, polices or practices set forth above, each of which was a moving force in causing and exacerbating Mr. Harvey's injuries and violations of his constitutional rights.

42. Through its policy makers, including Defendant Mitcavish, Defendant Kalamazoo County has the ultimate responsibility and authority to train and supervise officers of its Sherriff's Office, including Defendant Adams, regarding responsible, ethical, and humane transportation of jail inmates to and from court appearances.

43. Through its policy makers, including Defendant Mitcavish, Defendant Kalamazoo County tolerated, authorized, or permitted a custom, policy, practice, or procedure of disregarding the well-being and safety of jail inmates dependent on their conscientious care.

44. As a direct and proximate result of Defendant Kalamazoo County's policies, practices, customs, actions and inactions, Mr. Harvey sustained injuries complained of here.

### Count V
### Violations of Plaintiff's State Constitutional Rights
*Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673 (2022)

45. Mr. Harvey incorporates by reference the paragraphs above as fully set forth herein.

46. Defendants violations of Mr. Harvey's federal constitutional rights likewise violated protections guaranteed by the Michigan Constitution, Article 1 §§ 11, 16, 17.

47. As a direct and proximate result of Defendants' violations of Mr. Harvey's rights guaranteed by the Michigan Constitution, Mr. Harvey suffered injury which continues, including emotional injury, as hereinbefore alleged.

48. Mr. Harvey seeks economic, declaratory and injunctive relief as allowed by Michigan law.  Defendants are further subject to punitive damages as allowed by Michigan law.

### Requested Relief

Wherefore, Mr. Harvey requests that this Court enter judgment against defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and any other relief the court deems equitable and just under the circumstances.

Respectfully submitted,

Date: 01/29/2026

/s/ Andrew Sullivan P84261
Counsel for Plaintiff
Community Law Office
2937 E Grand Blvd.
Detroit, MI 48202
andrew@communitylawoffice.org
313-391-1141

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHRISTOPHER LAMONT HARVEY,<br>Plaintiff<br><br>vs.<br><br>KALAMAZOO COUNTY, a governmental unit,<br>ROBERT ADAMS in both his individual and official capacities, and<br>HEATHER MITCAVISH in both her individual and official capacities,<br>Defendants | Case No. _____ |

Andrew Sullivan (P84261)
Community Law Office
2937 E Grand Blvd.,
Detroit, Michigan 48202
(313) 391-1141
andrew@communitylawoffice.org

## Jury Demand

Plaintiff Christopher Harvey, by and through his attorney Andrew Sullivan, hereby demands a jury trial.

Date: 01/29/2026

Respectfully submitted,

/s/ Andrew Sullivan P84261
Counsel for Plaintiff
Community Law Office
2937 E Grand Blvd.
Detroit, MI 48202
andrew@communitylawoffice.org
313-391-1141