UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CHRISTOPHER LAMONT HARVEY,**

      Plaintiff,

v.

**KALAMAZOO COUNTY,** a governmental unit,
**ROBERT ADAMS** in both his individual and
official capacities, and
**HEATHER MITCAVISH** in both her individual
and official capacities,

      Defendants.

Case No. 26-cv-00335
Hon. Hala Y. Jarbou

ORAL ARGUMENT REQUESTED

---

## DEFENDANT MITCAVISH'S MOTION FOR JUDGMENT ON PLEADINGS

Defendant **HEATHER MITCAVISH**, only, moves under Rule 12(c) for judgment on the pleadings, seeking dismissal of all claims against her for the following reasons:

1. Neither the Fourth Amendment nor the Eighth Amendment governs claims arising from the conditions of a pretrial detainee's confinement.

2. The Due Process Clause of the Fifth Amendment applies only to federal actors, not to Defendants, who are local actors.

3. Plaintiff has failed to allege facts sufficient to support his personal-capacity claims against Defendant Mitcavish.

4.    The official-capacity claims against Defendant Mitcavish are duplicative of the claims against Kalamazoo County and are therefore redundant.

5.    Michigan does not recognize an independent claim for damages based on alleged violations of the Michigan Constitution.

Pursuant to Local Rule 7.1(d), the undersigned counsel certifies that she communicated the grounds for this motion with opposing counsel in email in an attempt to ascertain whether the motion will be opposed on July 22, 2026. Plaintiff's counsel has not responded to this email.

Pursuant to Local Rule 7.2(d), Defendant requests oral argument on this motion so that the parties may appropriately address any questions raised by the Court.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Rupalavanya Bandi (P87989)
*Attorneys for Defendant Mitcavish, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated: August 3, 2026                    E: rbandi@sewardhenderson.com

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CHRISTOPHER LAMONT HARVEY,**

      Plaintiff,

v.

**KALAMAZOO COUNTY,** a governmental unit,
**ROBERT ADAMS** in both his individual and
official capacities, and
**HEATHER MITCAVISH** in both her individual
and official capacities,

      Defendants.

Case No. 26-cv-00335
Mag. Judge Ray Kent

ORAL ARGUMENT REQUESTED

---

## BRIEF IN SUPPORT OF DEFENDANT MITCAVISH'S MOTION FOR JUDGMENT ON PLEADINGS

# TABLE OF CONTENTS

Table of Contents ................................................................................................ ii

Index of Authorities .......................................................................................... iii

Most Controlling Authority.............................................................................. vii

LR 7.1(A) Most Concise Statement of the Issues ............................................. viii

Introduction.........................................................................................................1

Statement of Allegations ....................................................................................1

Legal Standard ...................................................................................................2

Arguments...........................................................................................................3

    I.     The Fourth and Eighth Amendments Do Not Govern the Conditions of a Pretrial Detainee's Confinement ................................................................3

        A.    The Fourth Amendment Applies Only to the Initial Act of Restraining Liberty and Does Not Govern Claims Arising During Pretrial Detention 3

        B.    The Eighth Amendment's Protections Apply Only to Convicted Prisoners, Not to Pretrial Detainees ........................................................5

    II.    The Fifth Amendment Component of Count II Must Be Dismissed Because All Defendants Are State Actors, Not Federal Actors.................6

    III.    The Personal-Capacity Claims Against Defendant Mitcavish Must Be Dismissed for Failure to Plead Personal Involvement .............................7

    IV.    Official Capacity Claims Against Defendant Mitcavish Should Be Dismissed .................................................................................................9

        A.    Official-Capacity Claims Are Duplicative of the Claims Against Kalamazoo County and Therefore Redundant........................................9

        B.    Plaintiff Has Failed to Establish that Defendant Mitcavish was an Official Policymaker.............................................................................10

    V.    Michigan Does Not Recognize a Separate Damage Claim Under the Michigan Constitution.............................................................................12

Conclusion .......................................................................................................13

ii

# INDEX OF AUTHORITIES

**Cases**

*Aldini v. Johnson*,
609 F.3d 858 (6th Cir. 2010)..........................................................................3, 4

*Alkire v. Irving*,
330 F.3d 802 (6th Cir. 2003)..............................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................7, 8

*Bauserman v. Unemployment Ins. Agency*,
509 Mich. 673 (2022)......................................................................................12, 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................7

*Bell v. Wolfish*,
441 U.S. 520 (1979)..............................................................................................3

*Chapman v. City of Detroit*,
808 F.2d 459 (6th Cir. 1986)................................................................................8

*Faith Baptist Church v. Waterford Twp.*,
522 F. App'x 322 (6th Cir. 2013).......................................................................10

*Feliciano v. City of Cleveland*,
988 F.2d 649 (6th Cir. 1993)...............................................................................11

*Foster v. Michigan*,
573 F. App'x 377 (6th Cir. 2014).......................................................................10

*Galbraith v. County of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002)..............................................................................6

*Gibson v. Matthews*,
926 F.2d 532 (6th Cir. 1991)................................................................................8

iii

*Graham v. Connor*,
  490 U.S. 386 (1989)............................................................................................5

*Gray v. City of Detroit*,
  399 F.3d 612 (6th Cir. 2005)..............................................................................5

*Gregory v. City of Louisville*,
  444 F.3d 725 (6th Cir. 2006)..............................................................................7

*Hare v. City of Corinth, Miss.*,
  74 F.3d 633 (5th Cir. 1996)................................................................................3

*Hays v. Jefferson Cnty.*,
  668 F.2d 869 (6th Cir. 1982)..............................................................................8

*HDC, LLC v. City of Ann Arbor*,
  675 F.3d 608 (6th Cir. 2012)..............................................................................7

*Heyerman v. Cnty. of Calhoun*,
  680 F.3d 642 (6th Cir. 2012)...........................................................................7, 8

*Jackson v. Pro. Radiology Inc.*,
  864 F.3d 463 (6th Cir. 2017)..............................................................................2

*Jones v. Powell*,
  462 Mich. 329 (2000)........................................................................................12

*Kentucky v. Graham*,
  473 U.S. 159 (1985)............................................................................................9

*Lanman v. Hinson*,
  529 F.3d 673 (6th Cir. 2008)...........................................................................3, 4

*Leach v. Shelby Cnty. Sheriff*,
  891 F.2d 1241 (6th Cir. 1989)............................................................................9

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir.2001)...............................................................................6

*Miller v. Calhoun County*,
  408 F.3d 803 (6th Cir. 2005).......................................................................10, 11

*Moderwell v. Cuyahoga Cnty.*,
   997 F.3d 653 (6th Cir. 2021)......................................................................2

*Paskvan v. City of Cleveland Civ. Serv. Comm'n*,
   946 F.2d 1233 (6th Cir. 1991)...................................................................2

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986)...............................................................................11

*Phelps v. Coy*,
   286 F.3d 295 (6th Cir. 2002)..................................................................3, 5

*Phillips v. Roane Cnty., Tenn.*,
   534 F.3d 531 (6th Cir. 2008)....................................................................5

*Piotrowski v. Snyder*,
   No. 2:16-CV-251, 2016 WL 7111670 (W.D. Mich. Dec. 7, 2016) ......................6

*Reeves v. Cnty. of Wayne*,
   No. 367444, 2025 WL 1635273, (Mich. Ct. App. June 9, 2025),
   *appeal granted*, 29 N.W.3d 498 (Mich. 2026) ......................................12

*Scott v. Clay Cnty., Tenn.*,
   205 F.3d 867 (6th Cir. 2000)....................................................................6

*Smith v. Dep't of Pub. Health*,
   428 Mich. 540 (1987)..........................................................................12, 13

*United Food & Com. Workers, Loc. 1995 v. Kroger Co.*,
   51 F.4th 197 (6th Cir. 2022)....................................................................2

**Statutes**

42 U.S.C. § 1983.............................................................................7, 8, 12

42 U.S.C. § 1988.................................................................................13

Mich. Const. art. 1, § 11......................................................................12

Mich. Const. art. 1, § 16......................................................................12

v

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................2

Fed. R. Civ. P. 12(c)...........................................................................................2, 7

## MOST CONTROLLING AUTHORITY

A motion under Rule 12(c) is evaluated under the same standard that applies to a motion to dismiss under Rule 12(b)(6). *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021).

"[W]hich amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008) (*quoting Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002)).

"The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.,* 205 F.3d 867, 873 n.8 (6th Cir. 2000).

Only individuals vested with final policy making authority may be considered official policymakers. *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005).

## LR 7.1(A) MOST CONCISE STATEMENT OF THE ISSUES

I.    WHETHER COUNTS I AND III SHOULD BE DISMISSED BECAUSE CONDITIONS OF PRETRIAL CONFINEMENT ARE NOT GOVERNED BY THE FOURTH OR EIGHTH AMENDMENTS?

Defendant Mitcavish answers, "*Yes*."

Plaintiff presumably answers, "*No*."

II.    WHETHER THE FIFTH AMENDMENT CLAIM SHOULD BE DISMISSED BECAUSE IT APPLIES ONLY TO FEDERAL ACTORS AND ALL DEFENDANTS ARE LOCAL ACTORS?

Defendant Mitcavish answers, "*Yes*."

Plaintiff presumably answers, "*No*."

III.    WHETHER THE PERSONAL-CAPACITY CLAIMS AGAINST DEFENDANT MITCAVISH SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM?

Defendant Mitcavish answers, "*Yes*."

Plaintiff presumably answers, "*No*."

IV.    WHETHER THE OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT MITCAVISH SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND AS DUPLICATIVE OF THE CLAIMS AGAINST KALAMAZOO COUNTY?

Defendant Mitcavish answers, "*Yes*."

Plaintiff presumably answers, "*No*."

**V.**     **WHETHER THE STATE CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED BECAUSE MICHIGAN DOES NOT RECOGNIZE SUCH INDEPENDENT CLAIMS FOR DAMAGES?**

Defendant Mitcavish answers, "*Yes*."

Plaintiff presumably answers, "*No*."

## INTRODUCTION

Plaintiff claims against Defendant Mitcavish fail on the pleadings: the Fourth Amendment and Eighth Amendments do not govern the conditions of a pretrial detainee's confinement; the Fifth Amendment does not apply to County actors; the Complaint alleges no facts showing Defendant Mitcavish's personal involvement; the official-capacity claims duplicates the claim against Kalamazoo County; and § 1983 provides an adequate remedy for the state constitutional claims. Therefore, all the claims against Defendant Mitcavish should be dismissed as a matter of law.

## STATEMENT OF ALLEGATIONS

On May 12, 2025, Deputy Robert Adams transported Christopher Harvey—a pretrial detainee at the Kalamazoo County Jail—along with six other inmates to the county courthouse for scheduled hearings. [PageID.3] After the hearings, Deputy Adams transported all seven inmates back to the jail in a transport van. [PageID.4] Plaintiff does not allege that Defendant Mitcavish was in this transport van; she was not.

Upon arriving at the jail's garage, Deputy Adams exited the van, closed the door behind him, and left, leaving the seven inmates inside the vehicle. [PageID.4] After approximately two hours, one of the inmates kicked out a window of the van, allowing the others to exit. [PageID.5]

Case 1:26-cv-00335-HYJ-RSK    ECF No. 29,  PageID.206    Filed 08/03/26    Page 13 of 25

Plaintiff Christopher Harvey brings this action against Kalamazoo County, Deputy Adams, and Defendant Mitcavish, asserting five counts: unreasonable seizure under the Fourth Amendment (Count I); due process violations under the Fifth and Fourteenth Amendments (Count II); cruel and unusual punishment under the Eighth Amendment (Count III); Monell liability (Count IV); and claims under Article 1, §§ 11, 16, and 17 of the Michigan Constitution (Count V). [PageID.5–9]

## LEGAL STANDARD

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is evaluated under the same standard that applies to a motion to dismiss under Rule 12(b)(6). *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021).

Courts need not accept legal conclusions or draw unwarranted factual inferences from the pleadings. *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022). Rule 12(c) motion should be granted when no material issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (*quoting Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

2

## ARGUMENTS

**I.   THE FOURTH AND EIGHTH AMENDMENTS DO NOT GOVERN THE CONDITIONS OF A PRETRIAL DETAINEE'S CONFINEMENT**

"[W]hich amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008) (*quoting Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002)). Individuals who are lawfully detained but have not yet been convicted or adjudged guilty are considered pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 523, 535–36 (1979). And the constitutional rights of a pretrial detainee flow from the Fourteenth Amendment *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (*citing Bell*, 441 U.S. at 535–36). Accordingly, neither the Fourth Amendment nor the Eighth Amendment applies here as discussed in detail below.

**A.   The Fourth Amendment Applies Only to the Initial Act of Restraining Liberty and Does Not Govern Claims Arising During Pretrial Detention**

The Fourth Amendment's protection against unreasonable seizures is directed at the initial act of restraining the liberty of a free citizen. *Lanman*, 529 F.3d at 680. Accordingly, constitutional claims arising during an arrest or other seizure are governed by the Fourth Amendment, and that protection generally ceases once legal process has commenced and a judicial determination of probable cause has been made. *Aldini v. Johnson*, 609 F.3d 858, 866-67 (6th Cir. 2010). Thereafter, claims

3

asserted by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. *Id.* at 864; *Lanman*, 529 F.3d at 681.

Here, it is undisputed that Plaintiff was a pretrial detainee at all relevant times. [PageID.7]. Plaintiff expressly alleges that he was "detained pending resolution of the criminal case" when the incident occurred. [PageID.2]. Plaintiff's transport back to the Jail following the court hearing was part of, and incidental to, his ongoing pretrial detention, as no resolution of the criminal case had yet been reached. [PageID.3]. Plaintiff was not subjected to a new seizure on May 12, 2025, because no new arrest or other seizure occurred on that date.

Indeed, Plaintiff does not allege that the transport constituted a distinct seizure. Nor could he. Rather, Plaintiff challenges the conditions of his detention in the locked van, including the reasonableness and purpose of that detention. [PageID.6]. Such allegations concern the conditions of Plaintiff's confinement while a pretrial detainee, not the legality of a seizure under the Fourth Amendment.

Accordingly, any alleged constitutional deprivation arising from the conditions of Plaintiff's transport or confinement as a pretrial detainee must be analyzed under the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment. Thus, the Fourth Amendment claim should be dismissed.

4

## B.    The Eighth Amendment's Protections Apply Only to Convicted Prisoners, Not to Pretrial Detainees

Likewise, the Eighth Amendment does not apply to pretrial detainees and instead protects only individuals who have been convicted of a crime. *Gray v. City of Detroit*, 399 F.3d 612, 615–16 (6th Cir. 2005). During pretrial detention, the Due Process Clause of the Fourteenth Amendment affords protections analogous to those provided to convicted prisoners under the Eighth Amendment. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). Accordingly, where Eighth Amendment protections are unavailable, the "[D]ue Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Phelps,* 286 F.3d at 300 (*quoting Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)).

Here, Plaintiff had not been convicted of a crime and therefore cannot invoke the protections of the Eighth Amendment. Instead, the Fourteenth Amendment, which provides analogous protection against unconstitutional conditions of confinement and allegations of cruel and unusual punishment before conviction, governs his claims. Accordingly, Plaintiff's claims concerning the conditions of his transport and confinement are governed exclusively by the Fourteenth Amendment, rather than the Eighth Amendment. Therefore, Plaintiff's Eighth Amendment claim should also be dismissed.

5

## II.    THE FIFTH AMENDMENT COMPONENT OF COUNT II MUST BE DISMISSED BECAUSE ALL DEFENDANTS ARE STATE ACTORS, NOT FEDERAL ACTORS

"The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.,* 205 F.3d 867, 873 n.8 (6th Cir. 2000). Accordingly, the Fifth Amendment has no application to the conduct of state or municipal actors, including defendants employed by state and local governmental entities. *Piotrowski v. Snyder*, No. 2:16-CV-251, 2016 WL 7111670, at *3 (W.D. Mich. Dec. 7, 2016); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir.2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, Plaintiff asserts due process claims under both the Fifth and Fourteenth Amendments in Count II. [PageID.6–7] However, the allegations in the Complaint make clear that all Defendants are state or local actors—not federal officials. [PageID.3] Kalamazoo County is a Michigan municipal corporation. [PageID.2] Defendant Mitcavish and Deputy Adams are employees of the Kalamazoo County Sheriff's Department. [PageID.2] Plaintiff does not allege that any Defendant is a federal actor or acted under federal authority. Because all Defendants are County actors, the Fifth Amendment is inapplicable as a matter of law. Plaintiff's due process claim, to the extent it is otherwise viable, arises exclusively under the

Fourteenth Amendment. Accordingly, the Fifth Amendment component of Count II fails to state a claim and must be dismissed.

## III.    THE PERSONAL-CAPACITY CLAIMS AGAINST DEFENDANT MITCAVISH MUST BE DISMISSED FOR FAILURE TO PLEAD PERSONAL INVOLVEMENT

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and formulaic recitations of the elements of a cause of action are insufficient. *Id.* Although articulated in the context of Rule 12(b)(6), the *Twombly/Iqbal* pleading standard applies equally to motions brought under Rule 12(c). *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

To establish personal liability under 42 U.S.C. § 1983, a plaintiff must plead facts showing the individual defendant's personal involvement in the alleged constitutional violation. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Supervisory liability cannot rest solely on a defendant's supervisory position or on a theory of respondeat superior. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Nor is it enough to allege a mere right to control employees coupled with a failure to exercise that control. *Id.* Rather, a plaintiff must allege

active unconstitutional conduct or, at minimum, facts showing that the supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Heyerman*, 680 F.3d at 647 (*quoting Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff alleges no facts establishing Defendant Mitcavish's personal involvement in the alleged constitutional violations. Instead, he relies on the conclusory assertion that Deputy Adams acted "by permission—express or implied—of his supervisor Defendant Mitcavish." [PageID.6–8]. That allegation does not identify any action Mitcavish took, any direction she gave, any knowledge she had, or any conduct by which she authorized, approved, or knowingly acquiesced in Deputy Adams's alleged misconduct. Conclusory allegations and formulaic recitations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Therefore, absent well-pleaded facts showing that Defendant Mitcavish personally participated in, authorized, approved, or knowingly acquiesced in the alleged misconduct, Plaintiff's claims rest impermissibly on her supervisory role alone. Such allegations are insufficient as a matter of law and do not satisfy the pleading requirements for personal-capacity liability under § 1983. *Hays*, 668 F.2d at 874; *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (requiring liability to be based on a defendant's own acts or omissions).

8

The Complaint fails to plead facts establishing Defendant Mitcavish's personal involvement in the alleged conduct that Plaintiff asserts violated the Fourth, Eighth, and Fourteenth Amendments. As discussed above, the Fourth and Eighth Amendments do not apply here and should be dismissed in their entirety, leaving only the Fourteenth Amendment claim. That claim should also be dismissed because the Complaint fails to state personal-capacity claims against Defendant Mitcavish and thereby fails as a matter of law.

## IV.  OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT MITCAVISH SHOULD BE DISMISSED

### A.    Official-Capacity Claims Are Duplicative of the Claims Against Kalamazoo County and Therefore Redundant

An official-capacity claim against a government employee is treated as a claim against the governmental entity itself. The Supreme Court has explained that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" because "the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The Sixth Circuit applies the same principle, holding that official-capacity claims are treated as claims brought directly against the governmental entity itself. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989). Thus, when the governmental entity is also named as a defendant, official-capacity claims against individual officials are properly dismissed as duplicative or superfluous. *See Foster*

*v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014); *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 328 (6th Cir. 2013); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

The official-capacity claims against Defendant Mitcavish rests on the same factual allegations and legal theories as the claims against Kalamazoo County. [PageID.2-3] For example, Plaintiff asserts a *Monell* claim in Count IV against Kalamazoo County based on alleged policies and customs, and he relies on those same alleged policies and customs to assert an official-capacity claims against Defendant Mitcavish. [PageID.8] Because Kalamazoo County is already named as a defendant, the official-capacity claims against Defendant Mitcavish are redundant.

Allowing both claims to proceed would serve no independent legal purpose and would instead create confusion as to the real party in interest. Accordingly, the official-capacity claims against Defendant Mitcavish should be dismissed.

**B.    Plaintiff Has Failed to Establish that Defendant Mitcavish was an Official Policymaker**

Further, Plaintiff fails to support his allegations that Defendant Mitcavish was an official policymaker for the policies and customs underlying the alleged *Monell* liability claims. [PageID.2-3, 8]. Only individuals vested with *final* policy making authority may be considered official policymakers. *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005) (*emphasis added*). Whether an individual possesses

10

such authority for purposes of § 1983 liability is a question of state law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

In *Miller*, the Sixth Circuit addressed similar allegations in which the plaintiff contended that a shift commander was an official policymaker because the sheriff and the county had delegated decision making authority to him. 408 F.3d at 814. The court rejected that argument, explaining that "mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials." *Id.* (*quoting Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993)). The court further held that, because the plaintiff failed to allege facts demonstrating that the shift commander's decisions were final, he failed to support his assertion that the shift commander possessed final policy making authority. *Miller,* 408 F.3d at 814.

Plaintiff here only asserts that Defendant Mitcavish is an official policymaker. [PageID.2]. Nothing more. He does not allege any facts supporting that conclusory allegation, not even any personal involvement in policy making, much less final policy making authority. And, as a sergeant, Defendant Mitcavish did not have such authority and therefore was not a final decision maker as a matter of law. *See Miller*, 408 F.3d at 814. Therefore, Plaintiff has failed to show that Defendant Mitcavish

11

was an official decision maker, and his claims relying on that premise should therefore be dismissed.

## V.    MICHIGAN DOES NOT RECOGNIZE A SEPARATE DAMAGE CLAIM UNDER THE MICHIGAN CONSTITUTION

"A claim for damages against the State arising from a *violation by the State* of the Michigan Constitution may be recognized in appropriate cases." *Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673, 693 (2022) (*citing Smith v. Dep't of Pub. Health*, 428 Mich. 540, 544 (1987)) (*emphasis added*). However, this remedy does not extend to counties. *Reeves v. Cnty. of Wayne*, No. 367444, 2025 WL 1635273, at *7 (Mich. Ct. App. June 9, 2025), *appeal granted*, 29 N.W.3d 498 (Mich. 2026). Common law and § 1983 provide alternative remedies against local governments, including counties, cities, and their officials. *Jones v. Powell*, 462 Mich. 329, 337 (2000). *Bauserman* did not alter this rule. *Reeves*, 2025 WL 1635273, at *7. *Reeves* confirms that where § 1983 provides a vehicle for relief based on the same underlying conduct against local governments and their officials, a parallel damage claim under the Michigan Constitution is not cognizable.

Here, Count V asserts claims under Article 1, §§ 11, 16, and 17 of the Michigan Constitution based on the same conduct underlying Plaintiff's federal constitutional claims. Each state constitutional claim has a corresponding federal counterpart under § 1983: Article 1, § 11 corresponds to the Fourth Amendment; Article 1, § 16 corresponds to the Eighth Amendment; and Article 1, § 17

12

corresponds to the Fifth and Fourteenth Amendments' Due Process Clauses. These claims are asserted against Kalamazoo County and County officials, not the State of Michigan. Accordingly, the limited damages remedy recognized in *Smith* and discussed in *Bauserman* does not apply.

Nor is there any remedial gap that would justify recognizing a separate damage claim under the Michigan Constitution. Section 1983 provides Plaintiff a vehicle to seek relief for the same alleged conduct, including compensatory damages, attorney's fees under 42 U.S.C. § 1988, and appropriate declaratory or injunctive relief. Because Plaintiff has an adequate alternative remedy against the County and its officials, Count V does not state cognizable damages claim under Michigan law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Mitcavish respectfully requests that the Court dismiss all claims against her. Counts I and III should be dismissed because the Fourth and Eighth Amendments do not apply to the conditions of a pretrial detainee's confinement. The Fifth Amendment claim should be dismissed because it applies only to federal actors, not state or local actors. Plaintiff has failed to state personal-capacity claims against Defendant Mitcavish because he has not alleged facts showing her personal involvement. The official-capacity claims should be

13

dismissed as duplicative of the claim against Kalamazoo County. And state constitutional claims should be dismissed they are not recognized in Michigan.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Rupalavanya Bandi (P87989)
*Attorneys for Defendant Mitcavish, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated: August 3, 2026        E: rbandi@sewardhenderson.com

### LCivR 7.2(b)(ii) CERTIFICATION

I hereby certify that the above brief contains 2,905 words and was prepared in Microsoft Word 365 which generated the word count. This count is in compliance with LCivR 7.2(b)(i) and LCivR 7.2(b)(ii) as well as the name and version of the word processing software that was used to generate the word count. The word count provided by the word processing software used to create the brief may be relied upon for purposes of the certificate of compliance.

/s/ Rupalavanya Bandi
**SEWARD HENDERSON PLLC**

### CERTIFICATE OF SERVICE

I hereby certify that on **Monday, August 3, 2026,** I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will send notice to all parties and attorneys of record.

/s/ Lillian Nelson
**SEWARD HENDERSON PLLC**

14